**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **LARRY LYNN ROBINSON,** | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )          **No. 3:10-CV-376-K** |
| | ) |
| **RISSE OWENS,** | ) |
| **Defendant.** | ) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this

case has been referred to the United States Magistrate Judge.  The findings, conclusions and

recommendation of the Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I.  Parties**

Plaintiff filed this complaint pursuant to 42 U.S.C. § 1983.  He is proceeding *pro se*, and

the Court has granted him permission to proceed *in forma pauperis*.  Defendant is Texas Pardons

and Paroles Board member Risse Owens.

**II.  Background**

Plaintiff states he was unlawfully convicted and incarcerated from 1995 to 2007.  He

challenges his conviction for possession of a controlled substance and the revocation of his

parole.  He seeks money damages.

**III.  Screening**

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A.  That

section provides in pertinent part:

**Findings and Conclusions of the**
**United States Magistrate Judge**          Page -1-

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b); *see also* 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal–(I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from suit.").

Both § 1915A(b) and § 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is frivolous or fails to state a claim upon which relief may be granted. A complaint is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

## IV.  Discussion

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a § 1983 claim attacking the constitutionality of a conviction or imprisonment does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. The Fifth Circuit has extended *Heck* to proceedings that call into question the fact or duration of

**Findings and Conclusions of the**
**United States Magistrate Judge**          Page -2-

parole. *See Littles v. Bd. of Pardons and Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995). *Heck* also bars damage claims, which, if successful, would necessarily imply the invalidity of a conviction, pending charge or parole revocation. *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996); *Littles*, 68 F.3d at 123.

Plaintiff's claim for damages is clearly connected to the legality of his conviction and parole revocation. A finding in favor of Plaintiff would imply the invalidity of his conviction and/or parole revocation. Although Plaintiff claims his conviction and parole revocation have been reversed, expunged, or otherwise invalidated, this claim is incorrect. Plaintiff cites cause numbers 4:99-CV-966, 3:01-CV-882, 3:01-CV-994 and 3:03-CV-1704 from the Northern District of Texas in support of his claim. Each of these cases, however, dismisses the § 2254 petition as successive. Hence, no § 1983 cause of action has yet accrued and Plaintiff's claims should be dismissed with prejudice until the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (stating dismissal should be with prejudice until *Heck* conditions are met).

## RECOMMENDATION

The Court recommends that Plaintiff's claims under 42 U.S.C. § 1983 be dismissed with prejudice until the *Heck* conditions are met.

Signed this 24th day of June, 2010.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**Findings and Conclusions of the**
**United States Magistrate Judge**         Page -3-

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**


A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).